JERRY SMITH *vs*. MINNESOTA TRANSFER PACKING COMPANY.

May 29, 1888.

**Sale on Approval—Return—Presumption.**—The plaintiff having sold
personal property to the defendant, with a condition that the latter might
return it within a stated time, and it appearing upon the trial of an ac-
tion to recover the price that a part of the property had been returned to
and kept by the plaintiff, and nothing more being shown, the returning
of the property will be regarded as having been pursuant to the stipu-
lated condition, and the plaintiff cannot recover the price of the whole
property included in the contract.

Appeal by defendant from an order of the district court for Hen-
nepin county, *Rea*, J., presiding, refusing a new trial.

*Robinson & Baker*, for appellant.

*Russell & Reed*, for respondent.

DICKINSON, J.   This action is for the recovery of the price of two
horses, which the plaintiff claims to have sold to the defendant, for
an agreed gross sum, in 1882.   The issue in the case was as to the
fact of a sale having been made.   It must be taken as an established
fact, from the evidence, that, in the course of the negotiations relied
upon as constituting a contract of sale, the condition was agreed
upon that the defendant should have a certain period, which the
plaintiff fixes at 10 days, for the trial of the horses, and that it should
then return them if they were not satisfactory.   It also appears from
the plaintiff's testimony that in the course of about two months after
this transaction, one of the horses having died, the other was re-
turned to the plaintiff, was kept by him, and taken to Dakota, (from
Minneapolis,) and after some months was sold as the property, as it
would seem, of the plaintiff.   The jury rendered a verdict for the
recovery of the price of both horses.

The verdict cannot be sustained.   There is nothing in the case in-
dicating that the return of the one horse to the plaintiff is to be re-
ferred to any other agreement or transaction than that above stated,
which allowed the defendant to return the horses within a specified
time.   The plaintiff showing, by his own testimony, that the horse

was returned to him, and retained and treated as his own, and no new contract being disclosed, it must be considered that this was done under the condition of the contract in question, which provided that the property might be returned. Although the specified time within which the property might be returned may have elapsed, the plaintiff might, and, as must be assumed from the evidence, did, waive his rights in that particular. The plaintiff could not, under such a condition in the contract, receive back a part of the property, and afterwards recover the price of the whole.

Order reversed.